Thomas R. Hadaway, S.
Donald William Kurtz was indicted by the Grand Jury of Orange County on August 8,1958, charged with the crime of murder in the first degree of a 10-year-old boy, JTohn Dudko, by stabbing and cutting him with a knife in the stomach.
Following an examination by two qualified psychiatrists, from Rockland State Hospital, the defendant was committed to Matteawan State Hospital on November 13,' 1958, pursuant to an order of Hon. Edward M. O’Gorman, County Judge, on the grounds that said defendant was in such a state of idiocy or insanity that he was then incapable of understanding the charge, indictment or proceedings against him, or of making his defense thereof pursuant to the provision of the then section 662-b of the Code of Criminal Procedure.
The defendant has now been returned to the custody of the Sheriff of Orange County, and the Director of Matteawan State Hospital, on March 6, 1972, certified to the Presiding Judge of this court, with respect to the defendant, as follows: “ At a recent presentation to our medical staff patient was attentive and cooperative toward the examiners and was able to give a coherent and relevant account of the events leading to his arrest for the alleged criminal offense. It was felt by the medical staff that patient’s mental condition has sufficiently improved to warrant his return to court to face the criminal charges pending against him.”
The defendant’s mental illness is of long standing as indicated by the Director’s report of March 6, 1972, in which he states: ‘ ‘ Patient had several previous hospitalizations for mental illness. First Hospitalization: Lyons VA Hospital, Lyons, New York — admitted February 8, 1944 because of a self-inflicted wound on the abdomen. Patient made several attempts at elopement, some of which were successful. After one of these, in May 1946, he wound up in the Port Jervis Hospital with another self-inflicted evisceration and was returned to Lyons VA Hospital. He improved and was granted a trial visit home on January 29, 1947. Diagnosis: Psychosis with Psychopathic Personality. Middletown State Hospital — admitted on July 8, 1947 on a criminal order. Discharged on November 26, 1947 as unimproved. Diagnosis: Schizophrenia, Catatonic Type. *495 Lyons YA Hospital — admitted November 26, 1947. Discharged May 13, 1958.”
It should be noted that in less than one month from the date of the defendant’s discharge from the Lyons YA Hospital, he allegedly became involved in an incident which resulted in the indictment for murder in the first degree above referred to. The District Attorney has now made an application for a further mental examination of the defendant, pursuant to the provisions of article 730 of the CPL, which is strenuously opposed by counsel for the defendant, who claims that the defendant is ready to stand trial, and that pursuant to CPL 730.60 (subd. 2), the. trial of the criminal action against the defendant must proceed.
CPL 730.60 (subd. 2) reads as follows: “ 2. Except as otherwise provided in subdivisions five and six, when a defendant is in the custody of the commissioner pursuant to a temporary order of observation or an order of commitment or an order of retention, the criminal action pending against the defendant in the court that issued such order is suspended until the superintendent of the institution in which the defendant is confined determines that he is no longer an incapacitated person. In that event, the court that issued such order and the appropriate district attorney must be notified, in writing, by the superintendent of his determination. The court must thereupon direct the sheriff to take custody of the defendant at such institution and bring him before the court, whereupon the criminal action against him must proceed.”
The court has found nothing in the statute which would seem to authorize a second or further mental examination of a defendant under these circumstances.
However, the court is not satisfied that the defendant is now capable of understanding the charge, indictment or proceedings against him or of making his defense thereof, nor that the Director of Matteawan State Hospital has made a determination that the defendant is no longer an incapacitated person, as required by statute. His certification to this court is based on a statement that it was felt by the medical staff of his hospital that the defendant’s mental condition has sufficiently improved to warrant his return to court to face the criminal charge pending against him.
The taxpayers of this county should not be put to the expense of a prolonged trial, only to have a possible conviction reversed on appeal, on the grounds that the defendant was not capable of making his defense thereof, nor should the public in general be subjected to the hazard of having a person, with this defendant’s *496 history of mental illness, released from custody upon an acquittal or dismissal of the indictment.
For that reason, the present application will be granted and a further psychiatric examinátion of the defendant will be ordered to be made, pursuant to article 730 of the CPL.